### ROBINSON v. MUTUAL RESERVE LIFE INS. CO.

### SCOVILL v. SAME.

#### (Circuit Court, S. D. New York. June 6, 1908.)

INSURANCE—INSOLVENCY AND DISSOLUTION OF MUTUAL LIFE ASSOCIATION— DISTRIBUTION OF FUND IN HANDS OF TRUSTEE.

A life insurance association deposited a portion of its reserve fund with a trust company under an agreement requiring the company to hold and invest and pay over the income of the fund to the association, and further providing that "in case of a dissolution of the party of the first part (the association) the entire reserve fund shall be divided among the then members of the association or shall be distributed in such other equitable manner as the courts shall direct." *Held*, that such agreement imposed no duty of distribution on the trustee, but that, on a dissolution of the association, in an action by the state, a federal court having charge of the administration of its assets had power to order the trustee to turn over the securities and funds in its hands to the court's receivers for distribution with the other assets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1847.]

Byrne & Cutcheon and Wm. Beverly Winslow (James Byrne, of counsel), for petitioners.

Joline, Larkin & Rathbone (Adrian H. Larkin, of counsel), for respondent.

WARD, Circuit Judge. This is a motion by receivers appointed by this court of the Mutual Reserve Life Insurance Company, a reincorporation, under chapter 690, p. 1930, Laws 1892, of the Mutual Reserve Fund Life Association, for an order requiring the Central Trust Company of New York to pay over to them certain mortgages and moneys held under an agreement dated October 18, 1882, which is as follows:

"This agreement, made the 18th day of October, 1882, between the Mutual Reserve Fund Life Association, a corporation duly organized under the

laws of the state of New York and located in the city of New York, party of the first part, and the Central Trust Company of New York, a corporation duly chartered by said state and located in said city of New York, as trustee, party of the second part, witnesseth: That, the said party of the first part, desiring to set aside a reserve fund for the exclusive benefit of its members, the said party of the second part hereby agrees to receive the same and any future additions thereto, as trustee, upon the following conditions:

"First. Such rate of interest shall be payable semiannually by said party of the second part on the current deposits, to the credit of said reserve fund, as shall be, from time to time, mutually agreed upon.

"Second. Said trust company shall, from time to time, upon the written order of the president of said association, invest said fund, or any portion of it, in such United States bonds, state, county or city securities, or on such bond and mortgage as shall be designated by the board of directors of said association and approved by the president of said trust company. Said securities shall be taken only in the name of said association, but shall be held by said trust company subject to the conditions of this contract, and with power of attorney from said association to collect the interest on the same. Any of such securities shall be sold by said trust company upon the written order of the president of said association accompanied by a certified copy of the vote of the board of directors of said association authorizing such sale, and the proceeds shall be deposited to the credit of the reserve fund account with the said party of the second part.

"Third. The semiannual interest on the current deposits and the interests on investments shall, as it matures, be transferred to the credit of the death fund account of the association in such bank or trust company in New York City as shall be designated by the board of directors of said association, provided that at the time of the maturing of any such interest the constitution of the association does not provide otherwise for its appropriation.

"Fourth. Upon receipt of a certified copy of a vote of the board of directors of said association, authorizing the transfer of any portion of said reserve fund to the death fund account above mentioned, such transfer shall be made by said trust company. But in every case the resolution of the board of directors authorizing such transfer shall state that such transfer is authorized by sections 3 and 4 of article 11 of the constitution of the association.

"Fifth. If the board of directors of said association shall for any reason deem it to be expedient to order a transfer of the whole or any portion of said reserve fund including the investments, to any state insurance department or to any other trust company organized under the laws of the state of New York, such transfer shall be made by said party of the second part, provided that no such transfer shall be made to any trust company until the delivery to said party of the second part of a certified copy of the order of the board of directors of said association, authorizing the transfer, and a certified copy of the contract under which the designated trust company shall accept the transfer; said contract to be indorsed as approved by one of the justices of the Supreme Court of the district in which the principal office of said association shall be located.

"Sixth. Said party of the second part shall be allowed a reasonable compensation for making investments of the reserve fund and collecting interest on the same, and for realizing on any of the securities of said fund and for any authorized expenses of any litigation arising out of this contract, without fault of the party of the second part.

"Seventh. In case of a dissolution of the party of the first part, the entire reserve fund shall be divided among the then members of the association, proportionally to the gross amount of assessments paid by said members respectively to said association, or shall be distributed in such other equitable manner as the courts shall direct.

"Eighth. The party of the second part is to be answerable only for its own default, malfeasance or negligence in carrying out this agreement.

"In witness whereof the party of the first part and the party of the second part, as trustee, have hereunto caused to be affixed their respective corporate seals, and their respective presidents and secretaries have hereunto set their hands this 18th day of October, 1882."

The insurance company is insolvent, and since the appointment of the receivers has been dissolved by a judgment of the Supreme Court of the state of New York in an action brought by the Attorney General of the state for that purpose under section 1785 of the Code of Civil Procedure.

If the agreement imposes on the trustee the duty of distribution, the fund cannot be disturbed in its hands, but must be left for distribution by it in accordance with the orders of the court. Matter of Home Provident Safety Fund Association of New York, 129 N. Y. 288, 29 N. E. 323.

Examination of the agreement satisfies me that the duty of the trustee is to hold and invest and pay over the income of the fund in its hands without any duty of distribution. Farmers' Loan & Trust Company v. Aberle, 19 App. Div. 79, 46 N. Y. Supp. 10.

The contingency upon which distribution is to take place provided for in the seventh article having arisen, the motion is granted; the amount payable to the trust company for its services and disbursements to be fixed in the order.